MYRNA CLIFFORD AND DENNIS CLIFFORD, APPELLANTS, V.
HARCHELROAD CHEVROLET, INC., APPELLEE.
425 N.W.2d 331

Filed July 1, 1988.    No. 86-807.

Royce E. Norman, of Kelley, Scritsmier, Moore & Byrne, P.C., for appellants.

David W. Pederson and Terrance O. Waite, of Murphy, Pederson, Piccolo & Pederson, for appellee.

BOSLAUGH, WHITE, and GRANT, JJ., and SPRAGUE and THOMPSON, D. JJ.

PER CURIAM.

This is an appeal in a proceeding under the Workers' Compensation Act, Neb. Rev. Stat. §§ 48-101 to 48-1,110 (Reissue 1984 & Cum. Supp. 1986).

On June 17, 1985, William Clifford, Jr., who was employed by the defendant, Harchelroad Chevrolet, Inc., as a salesman, was killed in an automobile accident which arose out of and in the course of his employment by the defendant. This action was brought by his widow, Myrna Clifford, and his son, Dennis Clifford, to recover the compensation due them as a result of the death of William Clifford, Jr.

The decedent, William Clifford, Jr., began employment with the defendant in 1978 as a commission salesman of new and used motor vehicles, farm machinery, and farm equipment. His compensation was based on output, or a percentage of sales made, and he was paid commissions earned on a monthly basis at the end of each month. The record shows that the decedent earned $7,944 in commissions in 1981, $8,378 in 1982, and $8,734 in 1983.

In late May 1984, the decedent became ill, and over the course of the remaining months of 1984, he was subjected to testing and treatment which resulted in numerous hospitalizations and time off from his employment. The decedent's illness prevented him from working the latter part of May 1984, as well as most of June and July. He earned and was paid the following commissions in 1984:

|  | Earned | Paid |
|---|---|---|
| January | $ 688.70 | $ 708.60 (includes some Dec. 1983 commissions) |
| February | $1,169.58 | None |
| March | $ 849.10 | $ 741.03 |
| April | $1,049.60 | $1,277.65 |
| May | $ 628.00 | $1,677.60 |
| June | $ 345.00 | None |
| July | $ 85.50 | $ 430.50 |
| August | $ 533.00 | $ 533.00 |
| September | $ 657.15 | None |

| | | |
|---|---|---|
| October | $ 351.00 | $ 675.15 |
| November | None | $ 333.00 |
| December | None | None |
| Total | $6,356.63 | $6,376.53 |

In December of 1984, the decedent underwent surgery and did not return to work until June of 1985. On June 14, 1985, the decedent spoke with the president and owner of the defendant about resuming employment. He returned to work on June 15, 1985, in the same position and on the same basis of compensation as before. He was furnished a pickup truck to drive, and on Monday, June 17, 1985, while in the course of his employment, was killed in an accident. No commissions were earned by the decedent in 1985, and no sales had been made by him just prior to his death.

After the hearing before a single judge, the plaintiffs recovered an award based on a finding that the decedent's average weekly wage had been $161.19. Upon rehearing before a three-judge panel, two judges found that his average weekly wage had been $123.23. The third judge found that his average weekly wage had been $162.47.

The plaintiffs have appealed to this court. There is no cross-appeal, and the defendant urges that the judgment of the compensation court be affirmed.

Prior to the rehearing, the parties entered into a stipulation of facts, thus leaving for resolution only the issue of the decedent's average weekly wage. The sole issue presented for determination in this court is the decedent's average weekly wage, which is, essentially, a question of fact.

> The findings of fact made by the Nebraska Workmen's Compensation Court after rehearing shall have the same force and effect as a jury verdict in a civil case. A judgment, order, or award of the Nebraska Workmen's Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the court acted without or in excess of its powers, (2) the judgment, order, or award was procured by fraud, (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award, or (4) the findings of fact

by the court do not support the order or award.
§ 48-185 (Reissue 1984).

Subsection (2) of § 48-122 (Reissue 1984), relating to compensation to dependents of deceased employees, provides:

> (2) When death results from injuries suffered in employment, if immediately prior to the accident the rate of wages was fixed by the day or hour, *or by the output of the employee*, the weekly wages shall be taken to be computed upon the basis of a work week of a minimum of five days, if the wages are paid by the day, or upon the basis of a work week of a minimum of forty hours, if the wages are paid by the hour, *or upon the basis of a work week of a minimum of five days or forty hours, whichever results in the higher weekly wage, if the wages are based on the output of the employee.*

(Emphasis supplied.)

Section 48-126 (Reissue 1984) defines "wages" and prescribes the methods for calculating an average weekly wage:

> Wherever in this act the term wages is used, it shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident. . . . In continuous employments, if immediately prior to the accident the rate of wages was fixed by the day or hour or *by the output of the employee*, his weekly wages shall be taken to be his average weekly income for the period of time ordinarily constituting his week's work, and *using as the basis of calculation his earnings during as much of the preceding six months as he worked for the same employer, except as provided by the provisions of sections 48-121 and 48-122.*

(Emphasis supplied.)

The problem in this case is the determination of the period of time which is appropriate for calculating the decedent's average weekly wage.

Section 48-126 provides that the average weekly wage shall be determined from the decedent's earnings during "as much of the preceding six months as he worked for the same employer." Since the decedent died on June 17, 1985, the preceding 6 months is the period from December 17, 1984, to June 17, 1985.

In this case, the decedent had surgery in December of 1984 and did not work between December of 1984 and June 15, 1985. For that reason, neither the single judge nor the three-judge panel used the period of time from December 1984 to June 1985 to calculate the amount of compensation due the plaintiffs. While not identifying the manner in which he reached the finding of $161.19 per week, the single judge appears to have based his finding on the decedent's earnings during 1981 to 1983 plus 9 months of 1984, a period of 45 months, or 195 weeks. The decedent's earnings for that period totaled $31,433, which, when divided by 195, averaged $161.19 per week.

On rehearing, the three-judge court used the 6-month period preceding December 1984 but excluded 10 weeks during that period when the decedent did not work. One judge used the period from May through October 1984.

The finding of the majority of the three-judge panel was as follows:

> The stipulation of the parties recites in the last sentence of paragraph X that the decedent did not work between December, 1984 and June 15, 1985. The Court has therefore considered the wages earned by the decedent for the six month period preceding December of 1984 and the Court has determined that the plaintiff earned $1,971.65 for the months of June, 1984 through November, 1984. There were, however, periods of time during that six month span that the decedent did not work for his employer. After examining exhibit 1 and exhibit 3, the Court has determined that 10 weeks of that six month period should be excluded. Those ten weeks comprise the period from and including June 3 to and including July 27; from and including August 6 to and including August 14; September 6; and November 1 to and including November 5. The Court has then divided the decedent's earnings figure by the sixteen weeks the decedent actually worked resulting in an average weekly wage of $123.23.

The finding of the majority of the three-judge panel is based on the language of the statute and is supported by the record. The employment was continuous, and the calculation was based on the earnings of the decedent during that part of the

preceding 6-month period in which the decedent worked for the defendant.

We conclude that the judgment should be affirmed.

AFFIRMED.